## CHARLES B. HOSMER

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.*

1. TAXES—*of what years may be questioned on appeal.* Where an appeal bond states that the appeal was taken from a judgment against certain lots for the taxes of the year 1870, and the transcript or papers filed in the appeal fails to show any judgment for the taxes of any subsequent year, the regularity as to the levy of taxes for such subsequent years can not be considered on the appeal.

2. SAME—*collector's return prima facie sufficient.* On application for judgment against lands for unpaid taxes, the collector's return is ample evidence, when unrebutted, to require the rendition of judgment, and this court will not look outside the record as to facts contradictory of such return.

3. SAME—*delinquent taxes of prior years—how collected.* Taxes which had not been collected, for any cause, were not, under the Revenue law of 1872, released, but remained a lien upon the land upon which they were levied until sold at the end of five years; and the act of 1874 requiring that delinquent taxes of any preceding year which had not been collected, or abandoned on failure to sell at the end of five years, should be added to the tax of any subsequent year in separate columns, is a valid enactment, in nowise affecting or impairing the rights of the taxpayer.

4. SAME—*change in mode of collection.* The General Assembly has the right to change the mode for the collection of taxes at any time before they are paid or otherwise discharged or released. Retroactive legislation is never favored when it works injustice or operates to deprive parties of vested rights, but it has always been held competent to change the remedy if the right is not affected.

5. SAME—*who may question.* A person not the owner or not having any interest in lands, has no right to interpose any objections to the rendition of judgment against the same for taxes, unless he appears as the agent or attorney of the person interested.

6. PRACTICE—*defective transcript filed in this court.* When the papers filed in this court on an appeal do not purport to be a transcript of the record in the court below, and the certificate thereto attached that the papers constitute the transcript of the record is not dated or signed by any person, and there is no seal attached to it, the appeal will be dismissed, as no reversal can be had.

---

* This case was decided at the September Term, 1875, and accidentally omitted from its proper place in the Reports.

APPEAL from the County Court of Cook County; the Hon. M. R. M. WALLACE, Judge, presiding.

Mr. H. B. HURD, and Mr. C. B. HOSMER, for the appellant.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an application to the August term, 1874, of the county court of Cook county for a judgment against lands and city lots delinquent for taxes due and unpaid for the years 1870, 1871, 1872 and 1873, and for delinquent park assessments. The lots and blocks embraced in this appeal were only claimed, as we understand it, by what is filed as a transcript of the record in this case, to be delinquent for taxes for the year 1870. Appellant's counsel, however, claim that judgment was rendered for the taxes of 1873. This is manifestly not the case, or, if so, it does not appear from the papers filed in the case. What purports to be an appeal bond in the case, in terms states that the appeal was taken from a judgment rendered for the taxes for 1870.

Again, the sheets containing the list of lands in many cases show that there is marked opposite to the tract, "taxes of 1873 paid," and written on the same line, "appealed from the taxes of 1870." Nor can we find anything to indicate that a judgment was rendered against the lots and blocks enumerated in the copy of the appeal bond for the taxes of 1873. We can not believe that there was any judgment rendered against the lands for these latter taxes, and if there was, it was not by the papers filed in the case appealed from to this court. Hence, under no circumstances can we examine the question whether there was any irregularity as to the levy of the taxes for that year.

Appellant says that he paid his taxes for the year 1873, and that the collector made no claim for back taxes for the year 1870, as, if he had, he would have paid them. This may all be true as a matter of fact, but it nowhere appears in the

papers filed as a transcript. And we can alone look to the record for evidence of facts. In a case of this character the return of the collector is ample evidence, when unrebutted, to require the rendition of a judgment against lands for their sale to pay such taxes.

But it is urged that the court failed to acquire jurisdiction to render this or any other judgment. It is insisted that even if the taxes of 1870 were never paid, still there was no law in force under which the court could acquire jurisdiction to order the sale of these lands for their payment.

The 276th section of the Revenue law, Rev. Stat. 1874, p. 904, provides that if, from any cause, the tax of prior years on any real estate has not been paid, or if from omission or from defective description or assessment thereof such property shall fail to pay taxes for any year or years, in either case the same, when discovered, shall be assessed and placed on the assessment roll by the assessor, and collected with ten per cent interest thereon. The 277th section provides that "if the tax or assessment on any property liable to taxation is prevented from being collected for any year or years by reason of any erroneous proceedings or other cause, the amount of such tax or assessment which such property should have paid may be added to the tax on such property for any subsequent year, in separate columns, designating the year or years."

This section was adopted as it now stands in the Revenue act of 1873. And it is substantially the same as section 277 of the act of the 10th of March of 1872. Prior to that time lands that were offered and not sold were treated as forfeited to the State, and were required to be offered for sale every five years. But under all of the legislation on the subject, the tax was considered as due and owing until offered at the end of five years, and, failing to sell, the claim was abandoned. And the act of the 10th of March, 1872, by the 187th section, provided that back taxes for previous years, which had accrued before it became the property of the present owner,

should not be enforced against the land. In all other cases the tax was treated as a subsisting lien on the land. So in this case, the tax of 1870 was, under existing laws, a lien on the lands of appellant. The return of the collector showed the taxes were never paid, nor do we find that any act of the General Assembly had in any wise released or discharged appellant from their payment.

It is insisted that if it be held that these taxes are to be governed by the 277th section of the act of 1874, it will be by giving that section a retroactive operation. If these taxes were never paid, and the return proves they were not, then appellant owed them, and the land on which they were imposed was liable under the law in force when they were levied, to be sold, at the end of five years, to enforce the payment of the tax. Or, even if they did not come within that enactment, still the taxes were due and unpaid, and the General Assembly had the unquestioned right to change the mode of their collection. Retroactive legislation is never favored when it works injustice or operates to deprive parties of vested rights, but it has always been held that it is competent for the General Assembly to change the remedy, if thereby the right is not affected. And the act of 1874 does not in the slightest degree affect or impair appellant's rights. It but provides another mode of collecting taxes which he owes.

If the General Assembly had preferred, they could have given a personal action against delinquent owners for taxes, or provided a number of other modes for the enforcement of their payment. This section only provides for the collection of unpaid taxes in a mode probably more effectual and expeditious than by the prior law.

We have no right to suppose that the General Assembly, even if they had the power, intended, in the revision of the Revenue laws, to release parties owing such taxes from their payment. It is a fundamental principle of our government that all shall contribute to raising revenue for governmental purposes in proportion to the value of their property. This

commends itself to all minds as being eminently just, and with such a constitutional provision we should not expect the General Assembly to release or exempt any person from the payment of his proportion of this general burthen. They would not be likely to do so unjust an act, thus increasing the burthens of others, in violation of the principle. Hence, we can not conclude that such was the design until it shall be expressed in clear and unmistakable language.

We find nothing in the revenue laws or elsewhere to indicate the slightest intention 'to abandon or release the payment of such taxes. And we think the judgment was fully warranted under the Revenue law of 1874, and in pursuance of which this proceeding was had.

There is nothing before us to show that appellant is the owner of, or has any interest in the lands or lots embraced in this appeal. If he was not, then he had no right to interpose any objection to the rendition of the judgment. It is not a privilege enjoyed by one person to interfere for the protection of the rights of others in matter in litigation. He can only appear for himself or as the attorney or agent of another.

There is another fatal and insuperable objection to a reversal of the judgment in this case. Notwithstanding the unwieldy and exceedingly inconvenient bulk of papers filed in this case, we find that they are not, nor do they purport to be, a transcript of the record of the court below. At the end of the written matter we find in form a certificate that the papers constitute the transcript of the record. But it is not dated, is not signed by any person, nor is there any seal attached of the county or any other court. This would, as all know, preclude a reversal, as there is no record before us upon which to render any judgment, and hence the appeal must be dismissed.

*Appeal dismissed.*

DICKEY, J., did not participate in the consideration of this case.