THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE CITY OF AMSTERDAM, Appellant, *v.* HENRY E. HESS et al., Assessors of the Town of Perth, Fulton County, Respondents.

1. TAX — MUNICIPAL PROPERTY OUTSIDE THE CORPORATION. Under the Tax Law of 1896 (Ch. 908), property held by a municipal corporation for public use, but located beyond the boundaries of the municipality, is subject to general taxation.

2. MUNICIPAL WATER WORKS PROPERTY. Such portion of the water works system of a municipal corporation as is outside of the corporate limits is subject to general taxation where located.

*People ex rel. City of Amsterdam* v. *Hess*, 27 App. Div. 631, affirmed.

(Argued October 3, 1898; decided October 18, 1898.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 12, 1898, reversing an order of Special Term adjudging that the assessment by the assessors of the town of Perth, Fulton county, of the relator's property is illegal and that said property is exempt from taxation.

The facts, so far as material, are stated in the opinion.

*C. S. Nisbet* for appellant. Before the enactment of the Tax Law of 1896, the property of a municipal corporation devoted to the public use was exempt from taxation. (*City of Rochester* v. *Town of Rush*, 80 N. Y. 302 ; *People ex rel.* v. *Bd. Assessors*, 111 N. Y. 505 ; 1 R. S. 387, §§ 1, 4.) By the Tax Law, all exemptions theretofore existing under the laws of the state were continued. (L. 1896, ch. 908, § 3.) It is a general principle that the tax laws of a state refer to private and not to public property. The public is never subject to tax laws, and no portion of it can be without express statute. No exemption is needed for any public property held as such. (Endlich on Interp. Stat. §§ 163, 225; Cooley on Taxn. 130, 131 ; 2 Dillon on Mun. Corp. §§ 614, 615 ; *U. S.* v. *R. R. Co.*, 17 Wall. 322 ; *People ex rel.* v. *Bd. Assessors*, 111 N. Y. 505.) The exception contained in subdivision

3 of section 4 of the Tax Law is not equivalent to a positive enactment that municipal property held for a public use and not within the limits of the municipal corporation, shall be subject to taxation. (Endlich on Interp. Stat. 254.) The property of a municipal corporation devoted to the public use is exempt by law from levy and sale upon an execution. (*Darlington* v. *Mayor*, etc., 31 N. Y. 164, 193; *Leônard* v. *City of Brooklyn*, 71 N. Y. 498.)

*J. Keck* for respondents. The order of the Appellate Division should be affirmed, as the property in question is taxable. (L. 1896, ch. 908; Report of Comrs. on Stat. Rev. 1896, p. 15; *City of Rochester* v. *Town of Rush*, 80 N. Y. 302; 76 N. Y. 479–486; Ann. Tax Laws [C. & G.], 60; Code Civ. Pro. §§ 1390–1404; *People ex rel.* v. *Comrs.*, 76 N. Y. 64; *People ex rel.* v. *Davenport*, 91 N. Y. 574; *Buffalo City Cemetery* v. *City of Buffalo*, 46 N. Y. 506; *People ex rel.* v. *Comrs.*, 95 N. Y. 554; *City of Rochester* v. *Coe*, 83 N. Y. S. R. 502; 49 N. Y. Supp. 502.) If the order appealed from should be reversed, no costs could be allowed against the assessors. (L. 1896, ch. 908, § 254.)

BARTLETT, J. A single question is presented on this appeal. The assessment sought to be reviewed was laid under the provisions of chapter 908 of the Laws of 1896, known as "The Tax Law," which took effect June 15th of that year. The property assessed is the water works system of the relator, the city of Amsterdam, located in the town of Perth, consisting of water pipe, conduit lines and about two acres of land used for dams.

It is conceded that prior to this statute the property assessed was not liable to taxation, as it was held by a municipal corporation for public use. This exemption rested on no statutory provision, but upon a principle of the common law supported by numerous cases in England and this country.

We are of opinion the Tax Law of 1896 has changed this rule and that property held by a municipal corporation for

public use, but located beyond the boundaries of the municipality is subject to general taxation. Section three of the Tax Law of 1896 reads as follows : " Property liable to taxation. All real property within this state, and all personal property situated or owned within this state, is taxable unless exempt from taxation by law." This is a substitute for the old statute (1 R. S. 387, § 1) which reads : " All lands and all personal estate within this state, whether owned by individuals or by corporations, shall be liable to taxation, subject to the exemptions hereinafter specified."

The old statute was construed as not embracing municipal corporations, and that all property held by them for public use was exempt. (*City of Rochester* v. *Town of Rush*, 80 N. Y. 302, and cases cited ; *People ex rel. Mayor, etc., of N. Y.* v. *Bd. Assessors of Brooklyn*, 111 N. Y. 505.)

The present statute is more comprehensive in its terms and provides that all real and personal property within this state is taxable unless exempt from taxation by law. This clearly embraces the property owned by municipal, as well as other corporations, and subjects it to taxation unless exempt by law.

Section four of the present law reads as follows : " Exemption from taxation.— The following property shall be exempt from taxation." Then follow seventeen subdivisions. It is only necessary in this connection to call attention to the first three. One, exempts property of the United States; two, the property of this state other than its wild or forest lands in the forest preserve, and three, the property of a municipal corporation of the state held for public use, except the portion of such property not within the corporation.

We have here disclosed the policy of the legislature to exempt all property of the United States, all property of the state, with a single exception, and all property of a municipal corporation except that not located within its boundaries.

Reading sections three and four together it is apparent that the former renders liable to taxation all property of a municipal corporation, in its general terms, and the exception of the

latter limits the exemption of property held by a municipal corporation for public use to so much of it as lies within its boundaries.

The history of section four of the present law is instructive and discloses the policy of the legislature. The revisers submitted to the legislature the Tax Law with section four, subdivision three, reading as follows as to exemptions: "Property of the municipal corporations of the state held for public use." This was merely a codification of the rule of the common law and evidences the views of the revisers. They proposed to exempt all property held by municipal corporations for public use without regard to its location. The legislature, after due consideration, added these words to those last quoted: "except the portion of such property not within the corporation." (Report of Commissioners of Statutory Revision, 1896, p. 16.) It thus appears the legislature was of opinion that public policy required if a municipality saw fit to acquire valuable property within the boundaries of another municipality it was only just to the latter that the former should pay its share of the local taxes. It is only within recent years that municipal corporations have found it necessary generally to acquire title to property beyond their boundaries. The rapid growth of the great cities of the state has made the question of an adequate supply of wholesome water of paramount importance, and all the larger cities have been forced to acquire extensive property rights in the natural water supply of adjacent territory.

In many instances cities have condemned or purchased a large amount of real estate within the limits of some neighboring municipality in order to secure a water supply, and unless liable to local taxation thereon the taxpayers owning the remaining real estate are subjected to greatly-increased tax burdens.

As between these taxpayers and the municipality receiving all the benefits under this transaction, natural justice suggests that the latter should be assessed for the purposes of taxation on the property so acquired outside of its corporate limits.

The letter of the statute and the policy upon which it is founded lead to this conclusion.

It follows that the property of the city of Amsterdam located within the town of Perth is taxable.

The order of the Appellate Division should be affirmed, with costs.

All concur.

Order affirmed.