INTERCOUNTY OPERATING CORPORATION et al., Plaintiffs, *v.* COUNTY OF NASSAU et al., Defendants.

Supreme Court, Special Term, Queens County, October 29, 1943.

*Eugene R. Hurley* for County of Nassau, defendant.

*Charles H. Stoll* for plaintiffs.

C. A. Johnson, J.   The defendant County of Nassau moves to dismiss the complaint herein on the ground that the facts stated are insufficient to constitute a cause of action.

The plaintiffs, purchasers at the County tax sales of 1939 and 1940 of tax liens for the unpaid taxes of 1937 and 1938, seek a judgment declaring that their liens are unaffected by chapters 562 and 679 of the Laws of 1941.  When the plaintiffs purchased their tax liens, they acquired the right to a deed four years after the sale; by the statutes referred to, the tax act for Nassau County (Nassau County Administrative Code, L. 1939, ch. 272, § 5–1.0 *et seq.*) was amended by reducing to two years the time after which a deed might be taken from the County Treasurer, which amendment applies to all tax sales held after April 1, 1941.  (Nassau County Administrative Code, §§ 5–23.0, subd. a; 5–39.0, subd. b; 5–40.0; 5–48.0; 5–51.0, subd. b; 5–60.0.)   The effect upon the plaintiffs is apparent: either they must pay large amounts of subsequent taxes sooner than the law required when they purchased their liens or, by sales for later taxes, their liens will be made worthless.  Two grounds are advanced for the relief sought. First, it is suggested rather than urged that the amendment of the tax act is unconstitutional as impairing the

obligation of the contract. Upon this theory, I am of the opinion that the law has been determined adversely to the plaintiffs. In *People ex rel. Atkins* v. *City of Buffalo* (63 App. Div. 563, 568), the court said: " A purchaser of lands, whether at tax sale or otherwise, which are subject to unpaid tax claims, takes his title subject thereto, and the changing of the method of collection thereof, even to the substitution of an entirely new remedy for the enforcement of the payment thereof, does not necessarily contravene any constitutional inhibition. This amendment only makes more effective the remedy for the enforcement of a pre-existing right, without impairing the relator's claim, and statutes of that character have been uniformly upheld. (*Butler* v. *Palmer*, 1 Hill, 324; *Curtis* v. *Whitney*, 13 Wall. 68; *Hosmer* v. *People*, 96 Ill. 58; *Matter of Comrs. Elizabeth*, 49 N. J. Law, 488.) " In *League* v. *Texas* (184 U. S. 156, 158), the court said: "That a State may adopt new remedies for the collection of taxes and apply those remedies to taxes already delinquent, without any violation of the Federal Constitution, is not a matter of doubt. A delinquent taxpayer has no vested right in an existing mode of collecting taxes. There is no contract between him and the State that the latter will not vary the mode of collection. Indeed, generally speaking, a party has no vested right in a mere matter of remedy; that is subject to legislative change. And a new remedy may be resorted to unless in some of its special provisions a constitutional right of the debtor or obligor is infringed. ' There is no vested right in a mode of procedure. Each succeeding legislature may establish a different one, providing only that in each are preserved the essential elements of protection.' *Backus* v. *Fort Street Union Depot Co.* 169 U. S. 557, 570.''

All that is said upon this issue in the cases cited applies to this statute.

Furthermore, the provisions of section 5–53.0 and of subdivision c of section 5–64.0 of the Nassau County Administrative Code expressly subjected the tax liens held by the plaintiffs to any taxes subsequently levied. Section 5–53.0 provides that the conveyance by the County Treasurer to the holder of a tax sale certificate vests in the grantee an absolute estate in fee " subject to all claims which the county may have thereon for tax or other liens or incumbrances." Subdivision c of section 5–64.0 expressly provides that a conveyance made pursuant to a judgment in any action to foreclose such tax liens shall not affect " 1. Subsequent taxes and assessments, and sales on account thereof, and 2. Taxes

and assessments which were liens on the premises at the time of the filing of a notice of pendency of the action, but for the nonpayment of which no sale had been had prior thereto, and any sale on account of such taxes and assessments."

Second, it is contended that the rights of the plaintiffs have been expressly saved by section 6 of said chapter 679 of the Laws of 1941, which reads as follows: " § 6. All rights and remedies provided for the enforcement of tax liens and the redemption of real property affected by a tax lien sold at a sale of tax liens held prior to the first day of April, nineteen hundred forty-one shall continue in respect of such tax liens and such real property in the same manner as though this chapter had not been enacted." With this view, I am unable to concur. The purpose of that section was evidently to forestall the contention that the statute effected any acceleration of rights with respect to tax sales held prior to its enactment. A construction in accordance with the theory of the plaintiffs would have the effect of preventing forever any tightening of legal provisions for the collection of taxes, no matter how vital to the functions of government such a change might become.

The motion to dismiss the complaint is accordingly granted. Submit order.