INTERCOUNTY OPERATING CORPORATION et al., Appellants, v. COUNTY OF NASSAU, Respondent, et al., Defendants.— Action for declaratory judgment in respect of certain tax liens. Order dismissing the complaint on the ground that it is insufficient in law on the face thereof, and judgment entered pursuant thereto, unanimously affirmed, with ten dollars costs and disbursements. The complaint is to be read in the light of the provisions of the Nassau County Administrative Code, a State statute. (L. 1939, ch. 272.) That Code provides that plaintiffs' tax liens were purchased subject to accrued and accruing taxes on the particular parcels involved. (§§ 5–53.0 and 5–64.0.) It authorizes plain-

tiffs to pay such accruing taxes and add them to their liens. (§ 5–49.0.) It also provides that courts shall take judicial notice of the provisions of the Code, et cetera. (§ 22–11.0.) It provides means by advertisement (§ 5–37.0) whereby the plaintiffs were put on notice of the existence of such unpaid taxes, the amount thereof, together with interest, et cetera, up to the date of the sale. (§ 5–39.0.) When the Administrative Code was enacted the Legislature repealed many of the statutes mentioned in the complaint, so that the Code was the governing statute when the plaintiffs purchased in 1939 and 1940. Each tax title is completely independent of every other and is itself a new, original and independent title. (*Roseth Realty Co., Inc.,* v. *Brighton & B. El. R. R. Co.,* 228 App. Div. 390, 392.) The Legislature had an untrammeled right to make separate and distinct regulations in respect of tax liens accruing in different years. It therefore had the power to change the four-year period of redemption of tax liens, subject to which the plaintiffs purchased, to a two-year period for taxes accruing in later years, by the enactment of chapter 679 of the Laws of 1941, especially where that statute and the existing Administrative Code afforded means by which purchasers of prior or other tax liens could protect themselves in respect of tax liens subject to which they bought. Plaintiffs' motion for leave to appeal to the Court of Appeals is granted. Hagarty, Carswell, Johnston and Aldrich, JJ., concur; Close, P. J., concurs in the result, adhering however to his position as stated in *Intercounty Operating Corp.* v. *County of Nassau* (266 App. Div. 969). [181 Misc. 390.]