GRACE E. CONNOLLY, Respondent, v. TIMOTHY CURRY et al., Defendants, and INTERCOUNTY OPERATING CORPORATION, Appellant. (Appeal No. 1.) — Action under article 15 of the Real Property Law to compel the determination of a claim to real property. Judgment of the County Court of Nassau County, entered on an order granting plaintiff's motion for judgment on the pleadings, modified on the law and the facts by striking the following words from the fifth

decretal paragraph: " in the amount of $1311.75 as " and substituting in place thereof the words, " and disbursements only insofar as they relate to the parcels of real property in which the appellant is interested, to be." The order, and the judgment as thus modified, are affirmed, without costs. No opinion. Close, P. J., Carswell and Lewis, JJ., concur; Hagarty, J., concurs for affirmance of the order and judgment except insofar as the judgment, as modified, awards costs, being of opinion that no costs should be awarded against the appellant for the reason that it did not unreasonably defend the action. (Civ. Prac. Act, § 1478.) Adel, J., dissents and votes to reverse the order granting plaintiff's motion for summary judgment and the judgment entered thereon, and to deny the motion, with the following memorandum: Appellant's right to conveyances, or foreclosure and sale, in the alternative, was preserved by section 6 of chapter 679 of the Laws of 1941. By virtue of the provisions of that statute the plaintiff is likewise entitled to conveyances. In this action, under article 15 of the Real Property Law, to determine the claims, it should be considered that this apparently anomalous situation must be resolved under the powers provided in that article and as required by the general provisions of the Nassau County Administrative Code. In my opinion it is plain that priority of the appellant's lien is to be preserved. Assuming that the counterclaim alleges irrefutable facts, it would seem that appellant is, by whatever the method used, entitled to priority over the plaintiff who is another and subsequent purchaser of liens; and that the rights which were given to plaintiff under the judgment on appeal should operate in favor of appellant against the respondent. It may be that appellant should be held to be the owner of the fee and respondent confined to the remedy of a sale under foreclosure or the right to purchase and discharge appellant's interest. That, however, need not be decided at this time. Our decision in *Intercounty Operating Corp.* v. *County of Nassau* (267 App. Div. 957, affd. 293 N. Y. 688) approved the dismissal of the complaint in an action for a declaratory judgment, but it does not require the granting of summary judgment to plaintiff herein. [See 269 App. Div. 667.]