## FOURTH DEPARTMENT, MARCH, 1945.

### (March 7, 1945.)

CITY OF UTICA, Respondent, v. COUNTY OF HERKIMER et al., Appellants.
CITY OF UTICA, Respondent, v. COUNTY OF ONEIDA et al., Appellants.
CITY OF UTICA, Respondent, v. JOHN M. LEACH, as Treasurer of the Village of Yorkville, et al., Appellants.

DOWLING, J. (dissenting). I agree with the majority that the 'purchase of the water system and property of the Consolidated Water Company by the City of Utica was in conformance to the provisions of article 14-C of the General Municipal Law. I also agree that the bonds issued by the city to pay the purchase price were sold to the Reconstruction Finance Corporation, a Federal agency, and that they were sold at not less than par plus accumulated interest and that property acquired was useful to the water system. The presumption that the Common Council acted under the influence of correct motives was not overcome. (Matter of City of New York ·[Ely Avenue], 217 N. Y. 45, 59; The People ex rel. Locke v. The Common Council of the City of Rochester, 5 Lans. 11, 15, 16; Nelson v. Eaton, 26 N. Y. 410, 415; The People v. The New York Central Railroad Company, 24 N. Y. 485, 490; Village of Fort Edward v. Fish, 156 N. Y. 363, 370.) I cannot agree that the Legislature in enacting section 411 of article 14-C intended to exempt from taxation the water system and property acquired by the city in the defendant towns and villages. The

record discloses that the Consolidated Water Company in 1937 paid taxes in the defendant towns and villages in the amount of $22,929.33 and that the defendants made public improvements and issued bonds in reliance, in part, on the taxes so collected. The act, as construed by the majority and by the Official Referee, deprives the defendants of this substantial source of income with no adequate benefit in return. The fact that they can purchase systems in their respective municipalities is of no moment. They could not tax such systems and they would be obliged to purchase water from the City of Utica in any event. By so construing the statute a great injustice is done to the defendants.

Under subdivision 3 of section 4 of the Tax Law, the property of municipal corporations, outside the corporate limits, is taxable. Article 14-C did not repeal subdivision 3 of section 4 of the Tax Law. Article 14-C is an emergency measure, designed to confer a benefit, not an injustice, on all municipal corporations of the State. (*City of Rochester* v. *U. F. S. Dist. No. 4 of Livonia*, 255 App. Div. 96, 100, 101, 102, affd. 280 N. Y. 531.) Exemption from taxation has every presumption against it. (*People ex rel. Met. St. R. Co.* v. *Tax Comrs.*, 174 N. Y. 417; *City of Rochester* v. *U. F. S. Dist. No. 4 of Livonia, supra*, p. 98.) " Consequences cannot alter statutes, but may help to fix their meaning. Statutes must be so construed, if possible, that absurdity and mischief may be avoided." (*Matter of Rouss*, 221 N. Y. 81, 91.) It is always to be presumed, in regard to a statute, that no unjust or unreasonable result was intended by the Legislature. If a statute, in the literal sense of its language, works such a result, an absurdity of meaning exists, calling for judicial construction. Where a particular application of a statute in accordance with its apparent intention " will occasion great inconvenience or produce inequality or injustice, another and more reasonable interpretation is to be sought." (*Matter of Meyer*, 209 N. Y. 386, 389.) A statute should not be so construed as to work a public mischief. (*Smith* v. *The People*, 47 N. Y. 330; *Goillotel* v. *Mayor, etc., City of New York*, 87 N. Y. 441.) A statute should receive a sensible construction in accordance with reason and justice. (*Peo. ex rel. Hannan* v. *Board of Health*, 153 N. Y. 513, 518; *People ex rel. City of Amsterdam* v. *Hess*, 157 N. Y. 42, 45.) It is always legitimate to show that one construction would lead to hardship which another would avoid. (*Jacobus* v. *Colgate*, 217 N. Y. 235.) A statute should be so construed, if possible, as to harmonize all existing rights. (*S. R. T. Co.* v. *Mayor etc., of New York*, 128 N. Y. 510.) " It is always presumed, in regard to a statute, that no unjust or unreasonable effect was intended by the legislature. The statute, unless the language forbids, must be given an interpretation and application consonant with the presumption " and case cited. (*People* v. *Santoro*, 229 N. Y. 277, 281.)

Article 14-C is in conflict with subdivision 3 of section 4 of the Tax Law. It is the duty of a court to reconcile and construe such acts, if reasonably possible, to preserve their symmetry and to prevent injustice. This can be done by construing section 411 of article 14-C to mean that the Legislature intended to exempt from taxation, for State purposes only, municipalities acquiring undertakings under article 14-C and only so long as they continue to own such undertakings. (*City Bank F. T. Co.* v. *N. Y. C. R. R. Co.*, 253 N. Y. 49, 57; *People ex rel. Mizpah Lodge* v. *Burke*, 228 N. Y. 245, 247, 248; see, also, *People ex rel. West. F. I. Co.* v. *Davenport et al.*, 91 N. Y. 574, 589, 590; *Orange and Alexandria Railroad Company* v. *The City Council of Alexandria*, 17 Gratt. 176, 183, 184 [Va.].) Such a construction would confer a benefit on the defendant towns and villages by eliminating about $5,318.25 annually of

State taxes from their assessments and this would be in keeping with the idea behind this emergency legislation, namely, to confer a benefit and not to impose a hardship.

Had the Legislature intended to amend the Tax Law so as to create an additional exemption from taxation it would have done so by a direct amendment to that law. In 1943 the Legislature amended section 411 of the General Municipal Law (L. 1943, ch. 458) so as to restore to the defendants the right to tax the city's water system within their corporate boundaries. This is further proof that the Legislature never intended to exempt such property from taxation. If necessary to prevent the injustice suffered by the defendant towns and villages, the amendment to section 411 should be held to be retroactive.

The judgments should be reversed and the complaints should be dismissed.

All concur in decision except Dowling, J., who dissents and votes for reversal and for dismissal of the complaint in an opinion.

Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ.

Judgments affirmed, with costs.