CITY OF POUGHKEEPSIE, Plaintiff, *v.* TOWN OF POUGHKEEPSIE et al., Defendants.

Supreme Court, Dutchess County, January 12, 1967.

*Allan E. Rappleyea* for plaintiff. *R. Lewis Townsend* for Town of Poughkeepsie and others, defendants. *Quinn & Reilly* (*Joseph D. Quinn, Jr.,* of counsel), for Hyde Park Central School District, defendant. *George F. Whalen* for Dutchess County. *Van De Water & Van De Water* (*Robert B. Van De Water* of counsel), for Union Free School District No. 2 of Town of Poughkeepsie, defendant.

CLARE J. HOYT, J. In July of 1960 the plaintiff city commenced this action against the Town of Poughkeepsie, its Board of

---

Review and the Town Assessor for a judgment declaring that the transfer by the defendant Town Assessor on June 17, 1960 on the assessment rolls of five parcels of real property owned by plaintiff and situate in defendant town from " exempt " to " active " was illegal and enjoining defendants from assessing and collecting taxes thereon. The plaintiff procured an order on August 4, 1960 temporarily enjoining the defendant town from collecting taxes thereon and also enjoining the County of Dutchess, not then a party to the action, from collecting any taxes which it claimed might be due the defendant town thereon. Thereafter the County of Dutchess and Central School District No. 1, Town of Hyde Park, et al., and Union Free School District No. 2 of the Town of Poughkeepsie were permitted to intervene and were named as defendants in the action.

In May of 1965 the parties entered into a stipulation of facts which was submitted to the court and upon the stipulation the court treated the action as one on submitted facts under CPLR 3222. The court found the original submission not sufficient for a decision and judgment thereon and permitted the parties to submit a further stipulation which has but recently been accomplished.

Upon these stipulations it is established that five parcels of land described on the tax rolls as (1) account No. 141159 of 58 acres, (2) account No. 141157 of 48 acres (jointly known as park lands), (3) account No. 141158 a parcel 50 feet by 248 feet, the use of which is not indicated and record title to which is not established in plaintiff although the parcel is assessed against plaintiff and relief from such assessment is sought in this action, (4) account No. 141155 containing 16 acres, known as the incinerator plant and (5) account No. 141156 containing 4.5 acres, known as the water works, are all situate in the defendant town. The park lands were acquired in 1937, the incinerator plant was acquired between 1936 and 1945, and roughly half of the water works plot was acquired prior to 1898 and the remainder between 1907 and 1912.

These parcels had been classified as exempt on the tax rolls by the defendant town since their acquisition and until the transfer to " active status " was made by the defendant town on June 17, 1960 as above mentioned at which time defendant town notified the Clerk of the Dutchess County Board of Supervisors that said premises should be assessed for unpaid taxes for the year 1960.

Immediately prior to the commencement of the action, plaintiff made application to defendant Board of Review for a restoration of the parcels to their former exempt status on the grounds

said premises were exempt under the laws of the State of New York and that as to parcels 141155 and 141158 they were also exempt since they had been annexed to the city. This application was denied.

The taxable status of these parcels is to be determined by an interpretation of the various applicable statutes in the context of the decisional and statutory law in effect at the time of their passage.

Prior to 1896 the only tax statute of general application throughout the State was found in 1 Revised Statutes [1829 ed.] 387 as amended. This statute provided that "all lands" were taxable unless exempt (§ 1). The exemptions enumerated had no special application to municipally owned property (§ 4). However, case law had established that despite the tax statutes, municipal property held for a public use was exempt wherever situate (*City of Rochester* v. *Town of Rush*, 80 N. Y. 302; *People ex rel. Mayor* v. *Board of Assessors*, 111 N. Y. 505). Accordingly, there was no need to specifically exempt municipally owned property prior to 1896. At the 1896 Session of the Legislature the General Tax Law of that year (ch. 908) was passed on April 29, 1896 and approved by the Governor on May 27, 1896. The Legislature acted on a report of the Commissioners of Statutory Revision in adopting the General Tax Law, but despite the Commissioners' recommendation that the common-law exemption accorded all municipally owned property be continued, "the legislature, after due consideration, added these words to [the section of the General Tax Law exempting municipally owned property from taxation]: ' except the portion of such property not within the corporation '." (*People ex rel. City of Amsterdam* v. *Hess*, 157 N. Y. 42, 45.) It was apparent then that after the effective date of the General Tax Law of 1896 (June 15, 1896) extra-territorial land of a municipal corporation would no longer be exempt from taxation. Anticipating this change in the taxable status of municipal property, steps were taken to grant the plaintiff city special relief from this law. By chapter 425 of the Laws of 1896 the city charter was amended to provide (§ 186): "All property exempt from taxation by chapter thirteen, part first, title first of the revised statutes, and all property belonging to the city, shall be exempt from taxation for any purpose."

This amendment became effective on approval by the Governor on April 30, 1896. It had passed the Legislature on April 16, 1896 less than two weeks before the passage of the General Tax Law.

The language of the Charter amendment is unambiguous and clearly exempted all city-owned property regardless of its location. The reference to title I of chapter 13 of part I of the Revised Statutes was to the general tax law then in effect (1 Rev. Stat. [1829] 387, as amd.) which granted certain nonmunicipal exemptions.

Soon after the effective date of the General Tax Law of 1896 litigation was commenced to determine if that law had repealed all existing special exemption statutes of the sort represented by section 186 of the City Charter. In April of 1898, in a case arising in Albany, the Supreme Court held that such special exemption statutes had not been repealed. The Appellate Division reversed and found a legislative intent to repeal all special exemption statutes by a decision rendered in July of that year (*People ex rel. Catholic Union* v. *Sayles,* 32 App. Div. 203). The Court of Appeals affirmed on the opinion below in October (157 N. Y. 679), the same term that it decided the *Hess* case (*supra*) holding extraterritorial municipal property to be taxable under the General Tax Law of 1896. In this framework it is apparent that the continued validity of the special exemption accorded the plaintiff city at the 1896 Session of the Legislature was in considerable doubt. During the 1898 Session the Legislature passed chapter 584, not as an amendment to the City Charter but as a special tax law. It provided: " All the real and personal estate located in the town of Poughkeepsie, in the county of Dutchess, and belonging to the city of Poughkeepsie, which is now held by said city for the public use of the people thereof shall hereafter be exempt, free from taxation, so long as the same is used for such purposes."

Were nothing more to follow, we would be constrained to hold that plaintiff's relief would be limited to property owned prior to April 27, 1898 and held thereafter for public use. But there is more.

At the 1899 Session section 186 of the City Charter was reenacted in this form (ch. 563): " All property exempt from taxation by chapter twenty-four, section four, of the general laws, and all property belonging to the city, shall be exempt from taxation for any purpose, except as provided in this act."

This provision exempting all property belonging to the city is identical with its 1896 predecessor. The reference to other exemptions, that is those found in the General Tax Law of 1896 (Gen. Laws, ch. 24, § 4), is simply a substitution of the then current version of the exemption statute of State-wide application for the earlier act. The parties agree that the exception

clause for other provisions of the act is not relevant to this dispute. Evidently it refers to special improvement assessments and the like.

By the 1899 enactment (ch. 563) the Legislature clearly extended an exemption to all city property regardless of its location. Insofar as it is inconsistent with the more restrictive 1898 enactment (ch. 584) that law was repealed by implication. (See *People* v. *Metropolitan Sur. Co.*, 211 N. Y. 107.)

A 1901 amendment to section 18 of article III of the Constitution (now art. III, § 17) prohibited the Legislature from passing a private or local bill granting to any person, firm, association or corporation an exemption from taxation on real property. This amendment, however, had no retroactive effect (*Matter* of *Montefiore Home* v. *Prendergast,* 159 App. Div. 644, affd. 211 N. Y. 549) and thus this Charter provision is entitled to the effect given it at its passage.

The continued intent of the Legislature to grant this exemption to the real property owned by the City of Poughkeepsie wherever situate is manifested by the passage of chapter 632 of the Laws of 1910 which by section 114 thereof amended section 191 (former City Charter, § 186 renumbered § 191 by L. 1900, ch. 659, § 10) and provided: " All property belonging to the city, shall be exempt from taxation for any purpose, except as provided in this act."

This section was not in conflict with the 1901 amendment of the Constitution since it granted no further exemptions. than those contained in the 1899 Act (ch. 563). It merely deleted any reference to the general exemption accorded everyone under section 4 of chapter 24 of the General Laws (General Tax Law of 1896, § 4; L. 1896, ch. 908).

The court is not unmindful of the rule of construction that exemption statutes are not favored and that the language of a statute conferring immunity must be clear and unambiguous and that the legislative purpose to exempt must indisputably appear (*County of Herkimer* v. *Village of Herkimer,* 251 App. Div. 126, affd. 279 N. Y. 560). But here there is no ambiguity. It is not for the court to determine whether the Legislature acted wisely and whether such legislation in the light of present day circumstances is equitable to the parties involved in this proceeding. The court's function is limited to interpreting the effect of the statute. Although not controlling, the court notes that until the attempted assessment in 1960, the defendant town treated these properties as exempt. " Usages which have grown up in connection with a statute after its enactment may afford a

practical construction of it which will be respected by the courts.'' (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 127.)

Finally, the exemption conferred by section 191 of the Charter is not so tenuously related to the police power as to be constitutionally void. (Cf. *Matter of City of New York* v. *Mitchell*, 183 N. Y. 245.) However the exemption act must be construed to extend only to property held by the city for a public use. Were it deemed to extend to nonpublic uses serious constitutional questions would arise. Such a result is to be avoided if possible (*Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259, 267). This limitation of section 191 of the Charter is consistent with the pattern of legislation since 1896 that limits municipal exemptions to property held for a public purpose.

Plaintiff is entitled to judgment against all defendants awarding it the relief sought in the complaint.