(34 Misc. Rep. 18.)

TOAL v. CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. February, 1901.)

1. TAXATION—EVIDENCE—RES GESTÆ.
     Declarations of an ex-soldier that he intends to purchase certain real
   estate with pension money, or that he has made such a purchase, are
   not admissible to show that the property was so purchased, in an ac-
   tion by his widow to recover taxes paid thereon, on the ground that such
   property is exempt, since, being statements of prospective or completed
   acts, they are not a part of the res gestæ, and are incompetent, as self-
   serving declarations.

2. SAME—RECOVERY OF TAXES ON EXEMPT PROPERTY.
     Where no claim for exemption from taxation is made as to property
   purchased with pension money, and the taxes are voluntarily paid, the
   money so paid cannot be recovered, since objection should have been
   made to the assessment and collection of the taxes.

Action by Elizabeth A. Toal, individually and as executrix of John
T. Toal, deceased, against the city of New York, to recover taxes paid
on exempt property. Complaint dismissed.

G. L. F. Rohan, for plaintiff.
John Whalen, Corp. Counsel (G. O'Reilly, of counsel), for defendant.

RUSSELL, J. The plaintiff seeks to recover the amount of four
improvement assessments and five annual taxes paid by her in 1893
to 1898, amounting to $1,515.28, with interest on the respective pay-
ments, on the ground that the real estate assessed, which belonged
to her deceased husband, John T. Toal, was purchased with pen-
sion moneys, and therefore all of the assessments were void, and the
sums paid by her can be recovered, although voluntarily paid, because
she was ignorant of her legal rights when the payments were made.

The proof that her husband bought the property in 1887, with
pension moneys, is not satisfactory. The only fact tending to sup-
port such a claim is that he was in receipt of a pension as a soldier
of the Civil War, and that at some period of time within a year
or two of the purchase he obtained arrearages for an increase of
five dollars a month. The remaining evidence consists of his dec-
larations to her, which were not objected to upon the trial, that he

had bought the premises on Wadsworth avenue, in the city of New York, with his pension moneys, or purposed so doing. His declarations are incompetent to prove any fact in his own favor or in favor of his successor in interest, unless they were part of the res gestæ of the transaction, and the declarations proven were either a statement of an intention which might or might not be fulfilled, or of, a thing which had been done in the past. The effect of his actual receipt of a considerable sum for past pension allowances is considerably modified by the proof that for 18 or 20 years he had been in the receipt of a salary of $3,500 a year as clerk of the coroner of the city of New York, and, being a prudent and saving man, might easily have accumulated a sum necessary to pay the purchase price of about $2,700.

But, even were the inferences from the evidence sufficient prima facie to sustain a finding that the premises were paid for by pension moneys, unmingled with others, a serious difficulty still lies in the way of recovery. The payments were voluntarily made by the plaintiff, no claim of exemption having been made as against the assessment or against the collection of the taxes. The plaintiff relies upon the force of those precedents, which declare that money paid upon a void assessment may be recovered, as the assessors never obtained any jurisdiction, and the warrant for the collection of taxes operates by way of quasi compulsion. Where assessors step beyond the line of their jurisdiction, and assess the personalty of a nonresident, or take in upon their roll any realty which is plainly exempt, they have not acquired the power to act within the limits of their official discretion. An assessment of church property might be void, because the distinctive occupation visible to the assessors forbids their entry of such property upon their assessment; but, where the opportunity comes to them in the direct path of their official duty to determine the amount to be assessed upon realty, the act of the assessors cannot be attacked collaterally, as was held by the court of appeals in the case of United States Trust Co. v. City of New York, 144 N. Y. 488, 39 N. E. 383, where the taxation was upon the exempt capital and surplus. The same principle was followed in the case of Broderick v. City of Yonkers, 22 App. Div. 448, 48 N. Y. Supp. 265, where it was distinctly proven that part of the realty was purchased with pension moneys. In Barhyte v. Shepherd, 35 N. Y. 238, the court of appeals decided that the assessors were not liable for damages in not exempting $1,500 in the assessment of the property of a minister of the gospel, although his occupation must have been well known. In Swift v. City of Poughkeepsie, 37 N. Y. 511, the court of appeals held that, where a tax had been collected and paid into the treasury of the municipal corporation, the corporation would not be liable to refund the tax illegally assessed. Prima facie, all of the real estate in the city of New York, unless distinctly occupied for a publicly known exempt purpose, is liable to the jurisdiction of the assessors in placing upon the assessment rolls the property, within the territorial limits of the city, which is to pay its share of the taxes necessary to be raised for governmental purposes, the protection of property, and the security of personal rights. To all outward

view, a lot lying on Wadsworth avenue, in the city of New York, held in title by private ownership, was within the assessing duty of the officials, and with no notice from the owner that a special and peculiar exemption of that property arose from the undiscovered action in the application of the pension moneys to the payment of the purchase price. Such claim would not deprive the assessors of the power to decide whether the property was assessable, or, in case of claim of exemption, how far that exemption should reduce the assessment, subject to a certiorari to review their action. The very difficulty which the plaintiff encounters in proving the fact of payment in pension moneys gives force to the necessity of a claim being made to the assessors so that they might properly obtain the information necessary to guide them in their determination as to whether any exemption existed, and, if one did, to what extent the property had been paid for in exempt moneys. As a rule of public policy, it would be highly prejudicial to the proper performance of the duty of assessment, which is not without its difficulties in the city of New York, to establish the rule that hidden causes for exemption, which might or might not exist at the pleasure of the owner, as he chose to dedicate the whole or a part of exempt moneys to the purchase of realty, should create a bar to the performance of an apparent official duty by the assessors, and a right to claim the exemption survive the undisturbed assessment and voluntary payment of taxes for several years, to be enforced against the municipality in the distant future, according to the election of the person making the payments. Judgment is directed dismissing the complaint, with costs.

Complaint dismissed, with costs.