Matter of the Application of the VILLAGE OF MEDINA to
Compel the Repayment of Taxes Assessed and Collected
by the TOWN OF SHELBY in 1905.

(County Court, Orleans County, February, 1907.)

Taxes: Assessment — Formal requisites of assessment — In general —
    Description of person; relief from illegal taxation — Refundment
    by county or town — Voluntary payment.

    In a proceeding under section 16 of the County Law (L. 1892,
    ch. 686), to compel the repayment by the town of Shelby to the
    village of Medina of a tax levied upon the property of the village,

County Court, Orleans County, February, 1907.     [Vol. 52.

affidavits of an assessor will not be received to show that in making the assessment the assessors included other property than the property upon the assessment roll.

Nor can the court take evidence to determine whether the assessment was illegal and improper, as the court has authority to do only what should have been done by the board of supervisors upon the evidence before them.

Nor will the insertion of the words ". Village of Medina Water Works outside of Corporation" in the assessment roll under the heading "Names of Taxable Persons" invalidate the assessment, as the village of Medina is thus named with sufficient certainty; but if it were not, it is doubtful if the objection founded upon the defect in the name was not waived by the voluntary payment of the tax.

PROCEEDING under section 16 of the County Law to compel the payment of a tax levied by the town of Shelby on lands belonging to the village of Medina.

Ryan & Skinner, for village of Medina.

Sherwood & Cooper, for town of Shelby.

SIGNOR, J.   This a proceeding instituted under section 16 of the County Law to compel the repayment by the town of Shelby to the village of Medina of a tax levied and assessed by said town on property owned by the village of Medina in the year 1905.

The village of Medina paid the tax of $144.27, and thereafter made an application to the board of supervisors of the county of Orleans, under the section above referred to, to refund the tax. The board of supervisors denied the petition, and the application is now made to the County Court.

Annexed to the petition and made a part thereof is a copy of the assessment-roll.

Under the heading "Names of Taxable Persons" appears "Village of Medina Water Works outside of Corporation" and under the heading "Quantity and Statement" appears "Reservoir Station, Section 3, Township 1,

Range 3, Number of Acres 30, Full value of the property $18,000."

It is claimed upon the part of the attorney for the village of Medina that this valuation is very much in excess of the actual value of the real estate owned by said corporation, and that there is included in the assessment personal property which had been placed upon the real estate but was owned by other parties; that village not having, at the time the assessment was made, acquired title to this personal property.

Counsel for the village of Medina offers to introduce on the hearing an affidavit, made by one of the assessors, showing that in making the assessment they included other property than the property upon the assessment-roll. I do not think, however, that this evidence is competent or should be received on this hearing.

It was held in the case of Brooklyn E. R. v. Brooklyn, 11 App. Div. 127, "that it cannot be shown that assessors did not lay a tax according to law as stated in their attestation thereof, and that it cannot be shown by them that it was laid otherwise than as represented on the assessment-roll."

I think, therefore, we must take the assessment-roll as it stands. The power of the County Court in this matter is only such as is given by the statute. Matter of Buffalo M. G. L. Co., 144 N. Y. 328.

As I construe the statute, the court has authority to do only what might have been, or should have been, done by the board of supervisors. There is nothing upon the face of the proceeding to show that the property was illegally or improperly assessed, but counsel for the village of Medina claims that the court should take evidence, and from the evidence, as well as from the assessment-roll, should determine whether the assessment comes under the head of an illegal or improper assessment. I am of the opinion that the evidence, if any, should be given before the board of supervisors, and that the court, upon the evidence taken before them, if any, should review their proceeding and determine whether they should be directed to refund the

tax on the ground that the tax was illegally or improperly levied.

In Matter of Reid, 31 Misc. Rep. 156, the court said: "The further objection is made to the relief sought by this proceeding, that the petitioner was bound to appear before the assessors and make objection to the form of the assessment. Such a rule is undoubtedly applicable to all cases where the assessors have legally and in due form made their assessment, but have fixed an excessive valuation, or assessed property for which an exemption could be claimed. Matter of Baumgarten, 39 App. Div. 174."

In Matter of Baumgarten the court held that the County Court could not direct the refunding of the tax paid, unless it was *illegally* assessed; that the fact that the property was partly exempt did not confer the power, and that, when the property was partly purchased with pension money, the exemption could not be claimed unless the pensioner appeared before the assessors on the review day and asserted the claim.

Counsel for the village of Medina also cites the case of Williams v. Board of Supervisors, 78 N. Y. 563, as an authority for the proposition that the court should either take testimony or appoint a referee to ascertain the facts in regard to the property included in this assessment. It appeared in that case, however, that the claimant had appeared before the supervisors and had there produced certain evidence for consideration, and the examination afterward taken was to ascertain what evidence had been produced before the board, the affidavits and other papers having been lost.

In the case of the Buffalo M. G. L. Co. it was apparent upon the face of the roll that the assessment was illegal, as they had assessed property for taxes for which the statute expressly provided it should not be taxable for the purpose for which the tax was levied.

If for any reason this assessment was absolutely illegal, no doubt, if necessary, evidence might have been produced before the supervisors showing that fact; but I do not think that the supervisors could take into consideration the over-

valuation of property, or that they could, in this proceeding, have taken the evidence of the assessors as to how they arrived at their valuation of the property, or to show that in so doing they included property which did not belong to the village of Medina.

It is also claimed that there is an error in the assessment-roll, the name of the corporation assessed not having been properly stated. It is held that a substantial compliance with the statute where no one is misled by any material error is all that is required.

In the case of Van Voorhis v. Budd, 39 Barb. 479, it was held that an assessment against Henry D., whose real name was William H., but who was also known as Henry, was valid.

I do not consider that the error in the manner of naming the village of Medina as the party assessed was very material in considering the validity or invalidity of the assessment, or would in itself make it illegal. The village of Medina has paid the tax and, under the decision in McCue v. Supervisors of Monroe County, 162 N. Y. 235, if the error was such as to make the assessment illegal and void on its face, it is a question whether they would not be estopped from making a claim for the repayment of the tax on the ground that they had voluntarily paid the same.

On a review of the authorities, I think this motion must be denied upon the ground that the remedy, if any, in this case was to appear before the assessors and obtain a reduction of the assessment and that, under the facts and circumstances, the matter is not one where this court has the authority to grant the relief requested.

Motion denied.