(139 App. Div. 412.)

## In re TRUSTEES, etc., OF VILLAGE OF DELHI.

(Supreme Court, Appellate Division, Third Department. June 29, 1910.)

1. TAXATION (§ 535*)—IMPROPER ASSESSMENT—REMEDY—REFUNDING.

Under section 16 of the county law (Consol. Laws, c. 11), giving the board of supervisors power to correct errors and mistakes in assessments and cause to be refunded taxes improperly assessed, and requiring such refund upon the order of the County Court, the matter must first be presented to the board of supervisors before redress can be sought in the County Court; but after that the County Court may direct the tax to be refunded, regardless of the board's decision.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 991–995; Dec. Dig. § 535.*]

2. TAXATION (§ 348*)—ASSESSORS—ASSESSMENT—VALIDITY OF.

A board of assessors had the power to assess property outside the corporate limits of a certain village, but not within. Thirty-seven acres of the property of the village waterworks were within the village and 8 without; the whole being valued at $50,000. Held, that the assessors had the power to assess the 8 acres at $14,000, though that amount might be excessive.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 348.*]

3. TAXATION (§ 535*)—OVERVALUATION—BOARD OF SUPERVISORS—POWER TO REMEDY.

Section 16 of the county law (Consol. Laws, c. 11), providing that the board of supervisors may cause to be refunded taxes improperly or illegally assessed, does not include cases where the assessors were guilty of overvaluation.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 991–995; Dec. Dig. § 535.*]

4. TAXATION (§ 537*)—RECOVERY OF TAXES—OVERPAYMENT.

The property of a village waterworks, valued as a system at $50,000, comprised 45 acres, of which 8 acres were outside the village limits, and subject to assessment by the town board of assessors, who made an assessment against the village "waterworks, 45 acres, $14,000." The village paid the tax without objection. Held that, even if there was a mistake, the village could not recover any part of the tax paid, since neither the County Court nor the board of supervisors had the power to apportion the assessment between the part outside the village properly assessable and the 37 acres inside, nor could it be said that the mistake was not in setting down the property as 45 instead of 8 acres.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 537.*]

5. TAXATION (§ 446*)—ASSESSMENT ROLL—EFFECT OF—POWER OF ASSESSORS TO IMPEACH.

Assessors may not impeach their own assessment roll, which has all the effect of a judgment after it is completed.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 784–786; Dec. Dig. § 446.*]

6. TAXATION (§ 535*)—ILLEGAL ASSESSMENT—ASSESSMENT ROLL—ERRORS ON—REMEDY—"MANIFEST CLERICAL OR OTHER ERROR."

Section 16 of the county law (Consol. Laws, c. 11), providing that the board of supervisors could correct any "manifest clerical or other error"

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in any assessment, and cause to be refunded taxes illegally or improperly assessed, refers to such errors as are manifest from an inspection of the assessment roll itself without argument or evidence.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 991; Dec. Dig. § 535.*]

Appeal from Special Term, Delaware County.

Application by the Trustees of the Village of Delhi for an order directing the Board of Supervisors of Delaware County to refund taxes paid by them. From an order granting the petition and from an order appointing a referee, the Board of Supervisors appeal. Reversed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Andrew J. McNaught, Jr., for appellant.
Charles L. Andrus, for respondents.

HOUGHTON, J. The village of Delhi, in the county of Delaware, is the owner of its village waterworks system, used for municipal purposes, and the land connected with it is located partially within the village limits and partially outside in the town bearing the same name. In the years 1902 to 1907, both inclusive, the town assessors of the town of Delhi assessed the village for "waterworks, 45 acres, valuation $14,000," and also two lots of 10 acres and 3 acres, respectively, at $200, and $25, both of which were outside the village limits. It is conceded that the major part of the 45 acres constituting the larger portion of the waterworks system, which in the aggregate is stated to be of the value of $50,000, lies within the corporate limits of the village, and it is claimed that the value of that part outside the village limits is about one-seventh of the whole. Nor is it disputed, as matter of law, that the portion of the waterworks system within the village limits is exempt from taxation for town and county purposes. Without appearing before the board of assessors on grievance day, or taking any proceedings to correct the alleged defects in the assessment roll, the village of Delhi paid the tax for the years above stated. At the annual session of the board of supervisors of Delaware county in 1908, the village presented a petition asking that all of the taxes which it had paid be refunded, with interest, on the ground that they were illegally and erroneously assessed and levied. The village did not offer to produce any proof before the board or ask that there be an equitable apportionment of the tax. This request to repay the tax was denied, and thereupon the village presented to the County Court of Delaware County a petition asking that an order be made directing the board to refund that portion of the taxes which were assessed and levied upon the waterworks system located within the corporate limits, on the basis that that part of the waterworks system located within the village limits was of the assessable value of $12,000, and that portion located outside of the assessable value of $2,000. This petition was served upon the board, together with a notice of presentation and motion, and the board presented its answer denying certain allegations

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the petition and challenging the jurisdiction of the County Court to separate and apportion the assessment and taxes and to determine that a portion was legal and a portion illegal, or that under the situation presented it had any jurisdiction to order restitution. Against the protest of the board, an order was made appointing a referee to ascertain and report to the court what proportion of the waterworks system was situated within the village limits and what proportion of the taxes paid should be borne by that part located outside the village limits. Upon the matter coming on before the referee for hearing, the board protested against any proceedings being had on the ground that both the County Court and the referee were without jurisdiction in the premises. Thereupon it was proved that 37 acres of the 45-acre tract were located within the corporate limits and 8 acres outside, and that, on the basis of $14,000 the whole with improvements, $2,000 was a fair assessment for that portion lying outside the village limits. The County Court confirmed the report of the referee, making a decision in accordance therewith, and ordered that the board refund to the petitioner $50/57 of the tax paid, amounting to $1,339.07, together with $366.97 interest thereon. From such order the board of supervisors appeal, bringing up for review the intermediate order appointing the referee.

Section 16 of the county law (Consol. Laws, c. 11) contains the only authority for action in such case either by the board of supervisors or the County Court, and it reads as follows:

"Any such board (of supervisors) may correct any manifest clerical or other error in any assessment or returns made by any one or more town officers to such board, or which may, or shall have properly come before such board for its action, confirmation or review; and cause to be refunded to any person the amount collected from him of any tax illegally or improperly assessed or levied, and upon the order of the County Court, it shall refund any such tax."

This law contemplates a presentation of the matter to the board of supervisors in the first instance before application shall be made to the County Court, and if power exists, and the facts justify it, that court may direct the tax to be refunded, whether the conclusion of the board shall have been favorable to the claimant or not. Matter of B. M. G. Co., 144 N. Y. 228, 39 N. E. 86; Matter of Adams v. Board of Supervisors, 154 N. Y. 619, 49 N. E. 144; Matter of Village of Medina, 52 Misc. Rep. 621, 103 N. Y. Supp. 1018, affirmed 121 App. Div. 929, 106 N. Y. Supp. 1148.

The present statute differs essentially from the provisions of section 5 of chapter 855 of the Laws of 1869 as amended by chapter 695 of the Laws of 1871, which specifically provided that an application for the refunding of any tax illegally levied and collected might be made by the person aggrieved in the first instance to the County Court upon notice to the board of supervisors. It was this section of these laws which was under consideration in Williams v. Board of Supervisors, 78 N. Y. 561, and in Matter of New York Catholic Protectory, 77 N. Y. 342, and in Matter of Ulster County Savings Bank, 20 Hun, 481, and in Harris v. Supervisors of Niagara County, 33 Hun, 279. These authorities, therefore, upon which the respondent relies, do not apply.

The appellant claims that the present application to the County Court was virtually an original application because the board of supervisors was asked to refund the entire tax which had been paid, and the petition to the County Court asked only for a refunding of the tax as apportioned between that part of the waterworks system lying within the village limits and that outside and in the town. But even if the application to the County Court be deemed properly one to review the action of the board of supervisors in refusing to refund the tax, we are of the opinion that the order must be reversed and the proceeding dismissed.

The tax as levied was not void on its face. The town board of assessors had jurisdiction, and it was proper for them to assess all that part of the waterworks system of the village outside its corporate limits. If there was any illegality in the assessment and subsequent levy by the board of supervisors, extrinsic evidence was necessary to demonstrate it. It was only upon proof that a part of the tract of land comprising the waterworks system was within the corporate limits that any illegality could be claimed, and then confessedly it was necessary to apportion the tax between that part outside the limits, which was taxable and over which the assessors had complete jurisdiction, and that part inside the corporate limits, which was not taxable and over which the assessors had no jurisdiction. The village made no protest on grievance day that the assessors had assessed the eight acres outside the corporate limits at too high a figure. The whole waterworks system was proved to have been of the value of $50,000. Manifestly the assessors had the power to assess the eight acres at $14,000, and confessedly under the statute in question a tax cannot be refunded because the assessors were guilty of overvaluation.

The only thing appearing upon the assessment roll upon which can be founded a mistake is that the assessors assumed to assess the whole waterworks system, consisting of 45 acres, and placed the total value at $14,000. Conceding this to be a mistake, and that the assessors erroneously assessed and intended to assess at that sum the entire waterworks system, the difficulty arises from lack of power to correct it. In order to remedy the error in any respect, the assessment roll must be corrected by apportioning the assessment as made between the 8 acres over which the assessors had jurisdiction and the remaining 37 acres over which they had no jurisdiction. Neither the County Court nor the board of supervisors can assess the 8 acres outside the village limits; nor can either say at what figure the 8 acres should have been assessed or at what figure the assessors intended to assess it. The assessors cannot impeach their own roll which has all the effect of a judgment after it is completed. It will not answer the purpose to prove the relative value of that part of the waterworks system outside the village limits and say that the assessors must have had such value in mind. They may have deemed it of much greater value, and, in the absence of correction on grievance day, any value which they put on it would be binding. Having jurisdiction to assess the 8 acres, for the purpose of upholding the assessment, it may as well be said

that the mistake consisted in designating the tract as 45 acres instead of 8 acres.

If any mistake was made, we are of the opinion that it was not such a one as either the board of supervisors or County Court had the power to remedy. In Matter of B. M. G. L. Co., supra, where the present statute was under consideration, the court expressly held that, so far as the assessment roll itself was concerned, only such errors could be corrected as were manifest from an inspection of the roll itself without argument or evidence. To the same effect is Broderick v. City of Yonkers, 22 App. Div. 448, 48 N. Y. Supp. 265, Matter of Baumgarten v. Board of Supervisors, 39 App. Div. 174, 57 N. Y. Supp. 284, and U. S. Trust Co. v. Mayor, 144 N. Y. 488, 39 N. E. 383. In Matter of Adams v. Supervisors, supra, the assessment itself was void, and in Matter of Edison Electric Illuminating Co., 22 App. Div. 371, 48 N. Y. Supp. 99, the board itself had improperly extended the tax against the corporation for state purposes, as was also the case in Matter of B. M. G. L. Co., supra.

If these views be correct, it follows that the order must be reversed, with $10 costs and disbursements, and the proceeding dismissed. All concur.