In the Matter of the Application of THE TRUSTEES OF THE VILLAGE OF DELHI, Appellant, for an Order Directing the BOARD OF SUPERVISORS OF DELAWARE COUNTY, Respondent, to Refund Certain Taxes.

Tax — when tax, levied under an invalid assessment, is paid voluntarily and without duress, the board of supervisors cannot be compelled to refund it under section 16 of the County Law.

Where an assessment is void on its face and a person without duress in fact pays the tax levied upon said assessment, it is a voluntary payment and cannot be recovered under section 16 of the County Law (Cons. Laws, ch. 11); also, where an assessment, although valid on its face, but in fact illegal, is paid by a person with knowledge of the fact which

renders the assessment void and without duress in fact it is a voluntary payment.

Where a village for several successive years paid without objection an assessment made against its waterworks property, a portion of which was within the village limits, and the application to the board of supervisors made under section 16 of the County Law did not present facts upon which it was required to refund such taxes, and it was not alleged in either the petition to such board or to the County Court for a refund that the payments were made in ignorance of the fact as to the boundary line of the village or that the property within such limits was exempt from taxation, *held*, that the application to the County Court was in the nature of a new and independent proceeding, and not in the nature of a review of the determination of the board of supervisors upon the questions presented to them, and that the facts presented to the County Court did not justify an order directing the board of supervisors to refund the taxes collected.

*Matter of Village of Delhi*, 139 App. Div. 412, affirmed.

(Argued March 15, 1911; decided April 4, 1911.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 7, 1910, which reversed an order of the Delaware County Court directing the board of supervisors of said county to refund to the village of Delhi certain taxes collected from said village and dismissed the proceeding.

The "Village of Delhi" is a municipal corporation. In 1897 it purchased the property and water works plant of the Delhi Water Company, and it has since owned and maintained the same for a public use. The real property constituting a part of said water works property and plant consists of forty-five acres of land, eight acres of which are located wholly without the corporate limits of said village, and thirty-seven acres of which are located wholly within the corporate limits of said village. In the years 1902 to 1907, inclusive, the assessors of the town of Delhi placed upon the assessment roll of such town an assessment against the "Trustees and inhabitants of Delhi." The property is designated as "water works," and it is stated to contain forty-five acres and to have a valuation of $14,000. The assessment for each of said years was the same, but for the years 1902 to 1906, inclusive, the assessment was placed in that part of the assess-

ment roll devoted to assessments of property within the town of Delhi but outside the village of Delhi, while in the year 1907 it was placed in that part of the roll devoted to assessments of property within the village of Delhi. During each of said years 1902 to 1907, inclusive, the village of Delhi paid the tax levied pursuant to such assessments, and the amount of such tax so paid aggregates the sum of $1,526.53. A similar assessment was made for the year 1908, but upon an application by the village of Delhi to the assessors of said town the assessment was stricken from the roll and a corrected assessment for that year was made against the eight acres of land outside of said corporate limits and the valuation thereof placed at $2,000. At the meeting of the board of supervisors in the fall of 1908 the village of Delhi presented to such board a petition in which it called specific attention to said assessments against the village of Delhi for the years 1902 to 1907, inclusive, and stated in such petition " that the property so assessed was, is, and always has been used for public purposes," and also " that said taxes were levied, assessed and collected without authority of law," and asked that the taxes paid thereon for said years, with interest, be refunded to it. The petition did not state where the property is located and the board was not asked to refund to the village of Delhi the part of said taxes collected upon the illegal and improper assessment of property within the bounds of the village. Such application was denied. Thereafter the petition herein was presented to the County Court of the county of Delaware in which the facts herein stated, among others, are shown. The County Court referred to a referee the question as to the amount of taxes collected from the petitioner upon illegal and improper assessments and upon the coming in of such report confirmed the same and made the order from which the appeal was taken to the Appellate Division.

*Charles L. Andrus* and *Hamilton J. Hewitt* for appellant. The County Court had power to determine the proportionate part of the property assessed for said water works

system against the petitioner lying within the corporate limits and that lying without the corporate limits of the petitioner. (*Harris* v. *Supervisors*, 33 Hun, 281; *Hyland* v. *Baxter*, 98 N. Y. 610; *H. I. Works* v. *B. E. Co.*, 176 N. Y. 1; *Bell* v. *Gittere*, 30 N. Y. S. R. 219; *Williams* v. *Supervisors*, 78 N. Y. 561; *Matter of B. M. G. L. Co.*, 144 N. Y. 228; *Hungerford* v. *Vil. of Waverly*, 125 App. Div. 311; *Winter* v. *City of Niagara Falls*, 190 N. Y. 198.)   The payment of the tax levied upon the assessment complained of in each year was not a voluntary payment such as under the authorities would defeat the application for recovery of the taxes paid.   (*Bruecher* v. *Vil. of Portchester*, 101 N. Y. 240; *Peyser* v. *Mayor, etc.*, 70 N. Y. 497; *Matter of Adams* v. *Supervisors*, 154 N. Y. 619; *People* v. *Eckerson*, 126 App. Div. 414; *Matter of Gardner* v. *Supervisors*, 167 N. Y. 621; *Ætna Ins. Co.* v. *Mayor*, 153 N. Y. 340; *People* v. *Purdy*, 199 N. Y. 51; *Diefenthaler* v. *Mayor, etc.*, 111 N. Y. 336.)   The act of the assessors in assessing that portion of the petitioner's property held for a public use located within the corporate limits was without jurisdiction and the tax thereupon an illegal tax. (*Matter of N. Y. C. Protectory*, 77 N. Y. 342; *McLean* v. *Jephson*, 123 N. Y. 142; *Ætna Ins. Co.* v. *Mayor, etc.*, 153 N. Y. 338; *Miller* v. *City of Amsterdam*, 149 N. Y. 288; *Matter of Baumgarten*, 39 App. Div. 174; *Matter of Hermance*, 71 N. Y. 481; *Broderick* v. *City of Yonkers*, 22 App. Div. 448; *N. C. Bank* v. *City of Elmira*, 53 N. Y. 49.)

*Andrew J. McNaught, Jr.*, for respondent.   The County Court was without jurisdiction, no application for the relief sought in this proceeding having been made to the board of supervisors. (*Matter of B. M. G. Co.*, 144 N. Y. 228; *Matter of Adams*, 154 N. Y. 619; *Matter of Village of Medina*, 52 Misc. Rep. 621; 121 App. Div. 929.)   The County Court had no power to apportion the assessments and taxes levied, and by its order separate the same into legal and illegal parts.   The assessment and tax rolls of the town of Delhi were conclusive, and affidavits of assess-

ors or oral testimony could not be received for the purpose of contradicting or changing them. (*Mayor, etc., of New York* v. *Davenport*, 92 N. Y. 605; *B. El. R. R. Co.* v. *Brooklyn*, 11 App. Div. 127; *City of New York* v. *Vandeveer*, 91 App. Div. 306; *B. & S. L. R. R. Co.* v. *Bd. Suprs.*, 48 N. Y. 95; *Matter of Peek*, 80 Hun, 122; *Matter of Village of Medina*, 52 Misc. Rep. 621; 121 App. Div. 629; *Matter of Hermance*, 71 N. Y. 482; *Williams* v. *Bd. of Suprs.*, 78 N. Y. 561.) The petitioners having acquiesced in the assessments and failed to appear before the board of assessors on "grievance day" and claim such exemption were bound by the assessments made by the board of assessors. (*Toal* v. *City of New York*, 34 Misc. Rep. 18; 67 App. Div. 619; *Matter of Baumgarten*, 39 App. Div. 174; *Matter of Village of Medina*, 52 Misc. Rep. 621; 121 App. Div. 929; *Matter of Hermance*, 71 N. Y. 482; *Matter of Peek*, 80 Hun, 122; *Rector, etc.*, v. *Mayor, etc.*, 10 How. Pr. 138.) The taxes levied upon such assessments having been voluntarily paid by the petitioners they cannot be recovered in a proceeding brought under section 16 of the County Law. (*Matter of Village of Medina*, 52 Misc. Rep. 621; 121 App. Div. 929; *Matter of Reed*, 52 App. Div. 243; *McCue* v. *Supervisors*, 45 App. Div. 406; 162 N. Y. 236; *Matter of Gardner*, 167 N. Y. 621; *Toal* v. *City of New York*, 34 Misc. Rep. 18; 67 App. Div. 618; *Haven* v. *Mayor*, 67 App. Div. 90; 173 N. Y. 611; *Tripler* v. *Mayor, etc.*, 125 N. Y. 618; *Redmond* v. *Mayor, etc.*, 125 N. Y. 632; *Newburgh Bank* v. *Town of Woodbury*, 173 N. Y. 56.)

CHASE, J. It is provided by section 4 of the Tax Law (Laws of 1909 Chapter 62; Cons. Laws, ch. 60) that certain property described therein shall be exempt from taxation and included in the property so described therein is the following: " 3. Property of a municipal corporation of the state held for public use, * * * except the portion of municipal property not within the corporation." As it is conceded that thirty-seven acres of the forty-five acres assessed were within the corporate limits of

the village of Delhi and devoted exclusively to public use, it should not have been included in the assessment by the board of assessors. The eight acres without the corporate limits were subject to assessment and taxation. (*People ex rel. City of Amsterdam* v. *Hess*, 157 N. Y. 42.) The assessment as made was not void upon its face and it did not constitute a manifest clerical or other error.

It was an illegal and improper assessment so far as it included the thirty-seven acres that are within the boundaries of the village of Delhi. The part illegally and improperly assessed was a divided and not an undivided part of the forty-five acres. It is asserted without contradiction that during each of the years mentioned the tax levied upon said assessment was paid promptly and without protest.

No objection was made to the assessment or to the tax to any board or officer and such complete acquiescence in the assessment and tax continued during all of the years mentioned prior to 1908 and also including, it is asserted, a similar yearly assessment and tax from the time when the water works property and plant was purchased by the village to said year 1902. It was not even suggested to the tax collector that the village desired to pay the tax on the eight acres, a part of the lot, piece or parcel of land charged with the tax, and leave the remainder unpaid as provided by section 79 of the Tax Law. It was not alleged in the application to the board of supervisors to have the tax refunded or in the application to the County Court herein that the payments were made from year to year in ignorance of the fact as to the boundary line of the village or of the further fact that municipal property within such boundaries is legally exempt from tax. The property of a municipality acquired and held for public use is not a taxable subject within the purview of the tax laws unless specially included. (*People ex rel. Mayor, etc., of N. Y.* v. *Assessors of Brooklyn*, 111 N. Y. 505.) It may be assumed that the village had knowledge of its own boundaries and of its legal rights and it cannot now be said that the payments were compulsory.

Where an assessment is void on its face and a person with-
out duress in fact pays the tax levied upon such assessment,
it is a voluntary payment and cannot be recovered under sec-
tion 16 of the County Law. (*Matter of McCue* v. *Super-
visors of Monroe Co.*, 162 N. Y. 235; *Matter of Reid*, 52
App. Div. 243; *Matter of Gardner*, 52 App. Div. 625; affd.,
167 N. Y. 621; *Toal* v. *City of New York*, 34 Misc. Rep. 18;
affd., 67 App. Div. 619; *Matter of Village of Medina*, 52
Misc. Rep. 621; affd., 121 App. Div. 929.)

Where an assessment although valid on its face, but in fact
illegal and void, is paid by a person with knowledge of the
facts which render the assessment void and without duress
in fact it is a voluntary payment. (*Haven* v. *Mayor, etc., of
N. Y.*, 67 App. Div. 90; affd., 173 N. Y. 611; *Tripler* v.
*Mayor, etc., of N. Y.*, 125 N. Y. 617.)

Section 16 of the County Law (Laws of 1909, chapter 16)
contemplates that in a proceeding of this kind application
shall first be made to the board of supervisors to have the
illegal and improper tax refunded and the County Court has
no power to direct the board of supervisors to refund such
tax until the board of supervisors has passed upon the ques-
tion adversely to the claim of the applicant. It appears in
this case that the application to the board of supervisors did
not present to them any facts upon which they were required
to refund the taxes as requested in the petition. No applica-
tion of any kind was presented to the board of supervisors to
have them apportion the assessment between the real property
properly assessed and the real property illegally and improp-
erly assessed, or to refund a part of the taxes paid, namely,
the part collected upon such illegal and improper assessment
and levy.

The application to the County Court was in the nature of
a new and independent proceeding, and not in the nature of
a review of the determination of the board of supervisors
upon the question presented to them. Where taxes are
assessed upon property a divided part of which is wholly
exempt, and the owner thereof is compelled to pay the same,

including the taxes upon the property illegally and improperly assessed, it is the duty of a board of supervisors on proper application, to apportion said taxes and refund the amount so paid upon the part illegally and improperly assessed and levied, and in case of the failure of the board of supervisors so to do the County Court has power to make an order requiring the board of supervisors to refund the same. The facts presented to the County Court herein did not justify the order granted by it.

The order of the Appellate Division should be affirmed, with costs.

CULLEN, Ch. J., VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur; HAIGHT, J., absent.

Order affirmed.