Judgment reversed and new trial ordered. Settle order on notice.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE CITY OF NEW YORK, Appellant, *v.* CLARENCE W. PAGE and Others, as Assessors of the Town of New Castle, County of Westchester, Respondents. (Taxes of 1917.)

Second Department, May 21, 1920.

Taxation — assessment of sewer property maintained by city of New York outside city limits — sewer constructed in village to prevent pollution of city water supply — when such property subject to taxation.

Where, pursuant to statutory authority, the city of New York, in order to protect its water supply from the pollution of a stream which flows through a village outside the city limits, constructed a portion of a sewer situated partially within the village limits, and the village, pursuant to mutual agreement, constructed the other portion of the sewer, that portion constructed by the city is subject to assessment as real property owned by the city under section 480 of the Greater New York Charter (Laws of 1901, chap. 466).

The provision of the aforesaid statute excluding aqueducts from taxation does not exempt the sewer property owned by the city.

Nor are said lands exempt from taxation on the theory that the city has constructed and is maintaining the sewer for the benefit of the village, as in fact in so doing it is acting for its own benefit.

APPEAL by the relator, The City of New York, from that part of an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 21st day of October, 1918, which directs. that the assessment of a certain parcel of land be reduced and which directs the dismissal of the writ of certiorari as to other parcels.

*I. J. Beaudrias [John P. O'Brien, Corporation Counsel,* with him on the brief], for the appellant.

*Harrison T. Slosson,* for the respondents.

MILLS, J.:

This is an appeal by the relator from part of a final order made at the Westchester Special Term September 27, 1918, in certiorari proceedings, which order directs that the assessment of a certain designated parcel be reduced from $50,000 to $40,000, and also from that part of the order which dismisses the writ of certiorari as to the remaining parcels.

The proceeding is by certiorari upon the petition of the city of New York to set aside as invalid the 1917 assessment in the town of New Castle of certain real property belonging to the city of New York therein. The assessors, the respondents, made their return to the writ. At the hearing at Special Term the parties submitted the matter upon an agreed statement of facts.

While various other objections as well were taken by the appellant at Special Term, it now insists only upon one, which is in effect that the lands are not assessable, that is, not taxable.

The material facts are the following: The village of Mount Kisco, Westchester county, is situated partly in the town of New Castle and partly in the town of Bedford; through it flows a small stream called Branch brook, which empties into Kisco river some four miles distant from the village, and that river is a direct tributary of the Croton river, now reservoir, which is the main water supply of New York city and has been such for some eighty years past. Drainage of the village naturally flows into that brook. The population of the village

was increasing and the city desired to control that drainage so as to prevent the pollution by it of the waters of the reservoir. To that end it was desirable, and indeed necessary, that the village should install and maintain a system of sewers and that the latter should have at its outfall an approved and adequate disposal system. The city and village authorities thereafter came to an agreement to the effect that the city should construct and maintain the disposal plant and the final outlet sewer from a certain designated point, and that the village should construct and maintain a system of sewers in the village above that point. Thereupon, on the request of both municipalities, an act was passed by the Legislature (Laws of 1907, chap. 428) to enable them to enter into and carry out such arrangement. Accordingly they did enter into such an agreement on January 2, 1908; and each party performed its part of the agreement, namely, the village constructed the works above the designated point and the city those below; and each has since maintained its respective portion of the system. The claim of the city here is, that the part of its works, constituting the most thereof, which lies within the village limits is not taxable any more than it would be if it belonged to the village itself instead of to the city; that, in other words, the city holds and operates that part solely for the benefit of the village. This proposition is claimed upon the authority or analogy of the decisions in *People ex rel. Interborough R. T. Co.* v. *Tax Commissioners* (126 App. Div. 610; affd., without opinion, 195 N. Y. 618), and in *People ex rel. Mayor, etc.,* v. *Assessors* (111 id. 505). In the former case it was held that the relator, the Interborough Rapid Transit Company, as lessee and operator of the subway, was exempt from franchise tax just the same as the city would be if it was itself operating it; and in the latter case it was held that the city's ferry property was exempt from taxation although the city leased it to a corporation to operate it.

Except for the special statute the property clearly would be taxable under the General Tax Law (Consol. Laws, chap. 60 [Laws of 1909, chap. 62], §§ 3, 4, subd. 3), because it would fall plainly within the exception from the exemption clause: " except the portion of municipal property not within the corporation." (*Matter of Village of Delhi*, 201 N. Y. 408.) How-

ever, there has been for many years a special statute in effect providing for the taxation of property held by the city of New York outside of its limits in connection with its water supply works. Those statutes are collated and separately reviewed in the respondents' brief. It seems unnecessary here to review them in detail. The act in force is section 480 of the revised Greater New York charter (Laws of 1901, chap. 466.) Before that act the special act had made the city's such property taxable only at the value of the unimproved lands, not to " exceed the assessed value of the lands in the immediate neighborhood thereof " (Laws of 1900, chap. 463, amdg. Greater N. Y. Charter [Laws of 1897, chap. 378], § 480). The act of 1901 made that property taxable the same as other property " exclusive of the aqueducts." Its provision was and still is as follows: " The lands heretofore taken or to be taken for storage, reservoirs, or for other constructions necessary for the introduction and maintenance of a sufficient supply of water in the city, or for the purpose of preventing contamination or pollution, shall be assessed and taxed in the counties in which they are or may be located, in the manner prescribed by law, exclusive of the aqueducts."

That act has been construed by the Court of Appeals in *Matter of City of New York* v. *Mitchell* (183 N. Y. 245), and by this court in *People ex rel. City of New York* v. *Neville* (183 App. Div. 799); and in each instance the construction given was broad in accord with the language. Thus our opinion written by the presiding justice said: " Thus the lands to be assessed and taxed are specified as those taken for ' storage, reservoirs, or for other constructions necessary for the introduction and maintenance of a sufficient supply of water in the city, or for the purpose of preventing contamination or pollution.' " (183 App. Div. 802.)

It seems to me manifest that the constructions here involved come within the fair scope of the expression " for other constructions necessary * * * for the purpose of preventing contamination or pollution; " and that, therefore, they are assessable and taxable.

It seems to me, moreover, that the reasoning or argument of the learned counsel for the appellant is faulty in that he is mistaken in his view that the city has constructed and is

maintaining those works for the benefit of the village. Obviously the proper view is that in so doing it acted for its own benefit, to save its water supply from pollution. If it were so acting solely for the benefit of the village, it may be well doubted whether its authorities could lawfully expend the money of the city for that purpose and even whether or not legislation permitting them to do so would be constitutional.

I conclude, therefore, that the learned justice at Special ·Term took the correct view of the matter. Hence I advise that the order appealed from be affirmed, with ten dollars costs and disbursements.

JENKS, P. J., RICH, PUTNAM and KELLY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.