In the Matter of the Application of the BOARD OF EDUCATION OF THE CITY OF JAMESTOWN, NEW YORK, Respondent, for a Writ of Certiorari to GEORGE R. BAKER and Others, Assessors of the Town of Poland, Chautauqua County, New York, Appellants.

Fourth Department, June 27, 1934.

*Murle L. Rowe*, for the appellants.

*Wilson C. Price*, for the respondent.

EDGCOMB, J. The assessors of the town of Poland, Chautauqua county, challenge, upon this appeal, the correctness of an order of the Supreme Court, declaring that a farm of 361 acres, owned by the city of Jamestown, and situated in said town of Poland, is exempt from taxation, and striking from the 1933 tax roll of said town the tax assessed thereon.

The farm in question was formerly owned by the Jamestown Public Schools Forests, Inc., a membership corporation, composed

of the pupils, teachers and officials of the public schools of James-town. It was used in connection with the school system of that city as a reforestation project. The school children were accus-tomed to plant some 20,000 trees on the property each year under instructional supervision, and pupils were taken to the tract from time to time for instruction regarding timber, its identification and uses.

During the time said property was owned by said corporation it was assessed by the town and the tax was promptly paid.

On May 10, 1933, the Jamestown Public Schools Forests, Inc., conveyed said farm to the city of Jamestown. The deed contained the following provision, viz.: " Said premises are hereby conveyed to the City of Jamestown for the sole use of the Board of Education of the City of Jamestown for the carrying on of a re-foresting project in the instruction in the need of preserving and perpetuating our forests and for the teaching to the youth of the schools of the said city an appreciation of nature, the love of the out-of-doors, etc., and for educational purposes in conjunction with any course of study prescribed by the said Board of Education for the said school children."

It is the intent, not only of the relator but also of the city, to use the property for the sole purposes recited in said deed.

Claiming that said land, under its new ownership, is exempt from taxation, the board of education of the city of Jamestown appeared before the assessors of the town on grievance day, and asked that the 1933 assessment against said property be stricken from the roll. The request was denied. A hearing upon the writ of certiorari, which was issued to review said assessment, resulted in the order appealed from.

All real property within the State, no matter by whom it is owned, is taxable, unless it is specifically exempt by law. That is not only the general policy of the State, but it is the express mandate of the statute. (Tax Law, § 3; *People ex rel. Gould* v. *Barker*, 150 N. Y. 52, 56.)

An exemption from taxation is in the nature of a renunciation of sovereignty. It relieves one class of persons or property from its obligation to bear its share of the expenses of government, no matter how deserving of assistance that class may be, and throws a correspondingly heavier burden upon all other classes, thus creating an inequality of taxation. It is for this reason that the courts have uniformly refused to favor exemptions, and have invariably construed statutes freeing property from the burden of enforced contribution to the expense of maintaining the govern-ment most rigidly against the claimant, and have declined to

countenance such immunity unless the language of the statute is clear and unambiguous, and unless the purpose of the Legislature to exempt such property indisputably appears. (*People ex rel. Mizpah Lodge* v. *Burke*, 228 N. Y. 245; *People ex rel. Savings Bank of New London* v. *Coleman*, 135 id. 231; *People ex rel. D. K. E. Society* v. *Lawler*, 74 App. Div. 553, 557; affd., 179 N. Y. 535; *People ex rel. Westchester Fire Ins. Co.* v. *Davenport*, 91 id. 574, 589; *Matter of Deutsch*, 107 App. Div. 192, 194; *People ex rel. Andrews* v. *Cameron*, 140 id. 76, 80; affd., 200 N. Y. 585; *Matter of Francis*, 121 App. Div. 129, 132; affd. on opinion below, 189 N. Y. 554; *People ex rel. N. Y. Lodge No. 1* v. *Purdy*, 179 App. Div. 805, 808, 809; affd., 224 N. Y. 710; *Providence Bank* v. *Billings*, 4 Pet. 561; *Yazoo & Mississippi Valley R. Co.* v. *Adams*, 180 U. S. 1.)

With this general and well-established rule in mind, and keeping constantly before us the fact that the right to immunity from taxation is not inherent in the owner or in the property in question, but exists, if at all, solely by reason of a grant from the Legislature, let us turn to section 4 of the Tax Law, which specifies the only property which our law-making body has, for reasons of public policy, seen fit to free from the burden of sharing in the expense of running the government, in an endeavor to ascertain whether the relator has brought itself within any of the provisions of that section.

Subdivision 7, as it existed at the date of this assessment (now subdivision 6), under which petitioner claims immunity, reads as follows: " The real property of a corporation or association organized exclusively for the * * * mental improvement of men and women, or for * * * educational * * * purposes, * * * and used exclusively for carrying out thereupon one or more of such purposes, * * * shall be exempt from taxation."

It will be noted that exemption from taxation under the above provision is made dependent upon two requisites: (1) That the property shall belong to a corporation organized solely for educational purposes; (2) that the property shall be used exclusively for carrying out one or more of the purposes for which it was organized.

The petitioner here is the board of education of the city of Jamestown. It instituted these proceedings, and claims to be entitled to and has been afforded relief upon the theory that it is a corporation organized solely for educational purposes, and that it owns the property in question, and is using it exclusively for the education and mental improvement of the school children of Jamestown.

It is true that the relator is a corporation. It is made so by section 300 of the Education Law, which declares that the board of education of every city in the State is a body corporate. It is

also a fact that petitioner has been given the management and control of the educational affairs of the city of Jamestown. (Education Law, § 865.) We may, however, brush aside and leave undecided here the question whether the petitioner is such a corporation or association as is contemplated by the statute above quoted, when it refers to a corporation organized exclusively for educational purposes, as is so strenuously urged by the relator, because the property which it is sought to exempt is not owned by the petitioner — it belongs to the city of Jamestown, an entirely separate and distinct corporate entity. As before noted, the deed ran to said city, and not to its board of education. True, the conveyance specified that the property was intended for the sole use of the board of education of said city, but the ownership of the farm was in the city. As a matter of fact, the board had no authority to take title to any land. If the board of education of any city of the State requires real property for its legitimate use, title thereto must be taken in the name of the city, unless the boundaries of the city and the school district are not coterminous, which is not the case here. (Education Law, § 876.)

It is very true that public education is a State rather than a municipal function, and that boards of education are branches of State government (*Matter of Hirshfield* v. *Cook*, 227 N. Y. 297, 301), and that it has long been the policy of the State to separate public education from other municipal activities, and to keep it free from municipal and political control. (*Gunnison* v. *Board of Education*, 176 N. Y. 11, 23; *Matter of Emerson* v. *Buck*, 230 id. 380, 385; *Miller* v. *Tayntor*, 170 App. Div. 126.) But that policy does not alter the fact that the actual ownership of this land is in the city and not in its board of education. The Tax Law, as already pointed out, makes the ownership of the property sought to be freed from taxation one of the criteria by which its exemption is to be determined. " The real property of a corporation " means property owned by the corporation. If we are to give to the statute granting exemptions from taxation the strict construction required, we would not be justified in holding that the body having control and management of property was the owner of such property where title thereto was in another.

The city of Jamestown is not a corporation organized exclusively for educational purposes, or for the mental development of men and women. As it is the owner of the land in question, such property is not exempt from taxation under former subdivision 7 (now subdivision 6) of section 4 of the Tax Law.

Neither has the relator brought itself within the exemption provided by subdivision 3 of section 4 of the Tax Law, which makes

immune from the burden of taxation property of a municipal corporation held for public use, except such as is situated without the municipality. The farm in question comes within the exception — it is located entirely beyond the corporate limits of Jamestown.

It has long been the policy of the State to render taxable, where located, all realty belonging to a municipality, which is situated outside of its corporate limits, the same as other property. (*People ex rel. City of Amsterdam* v. *Hess*, 157 N. Y. 42; *City of Rochester* v. *Coe*, 25 App. Div. 300; *Matter of Trustees of Village of Delhi*, 139 id. 412, 415; affd., 201 N. Y. 408; *People ex rel. City of New York* v. *Page*, 192 App. Div. 406.)

While the above-cited cases do not refer to lands held for educational purposes, we can see no reason of public policy which would require lands held for public education to be exempt when property used for furthering public health or public safety was subject to taxation. Unless the intent of the Legislature to make such distinction is clear and certain, we cannot make the discrimination.

For the reasons above stated, we think that the land in question is subject to taxation by the town where it is situated, and that the order appealed from should be reversed, and the writ dismissed.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and LEWIS, JJ.

Order reversed on the law, with costs, and writ dismissed, with fifty dollars costs and disbursements. Certain conclusions of law disapproved and reversed and new conclusions made.