Fttld, J.
(dissenting). To see this case in proper perspective and, indeed, to envision the consequences of decision herein, it should be noted at the outset that we are concerned with a vast tract of real property in the Town of Eiverhead, of over 4,400 acres, owned by the United States Government and occupied and used by the petitioner Grumman under an agreement with the government. If the property were owned by anyone but the United States (or the State of New York), it would concededly be subject to assessment and tax (Tax Law, § 4, subd. 17). Moreover, Congress actually passed a law expressly providing that such an interest as that which Grumman obtained from the government, and which it now enjoys, “ shall be made subject to State or local taxation ” (U. S. Code, tit. 34, § 522e; also, §§ 522a-522e; these sections were repealed in 1956 and § 522e substantially re-enacted as § 2667, subd. [e] of tit. 10).
The sole question presented, therefore, is whether the Tax Law of this state provides for the assessment and taxation of Grumman’s interest in such real property, and, it seems to me, a reading of subdivision 17 of section 4 of that statute compels an affirmative answer. In so many words, the legislature has provided that,
‘ ‘ Whenever the legal title of real property is in the United States or in this state, but the use, occupation or possession thereof is in a corporation, association, co-partnership or individual * * * under a contract of sale or other agreement whereby upon certain payment or payments the legal title * * * may be acquired by such corporation, association, co-partnership or individual, his or its interest in such real property shall be assessed and taxed as real property ” .
The subdivision further provides that the interest of the corporation, “ in the use; occupation or possession ” of such property, “ shall be assessed and taxed in the same manner *512 as if [it] * * # held the legal title to such property, except for the addition to the description of the words ‘ interest under contract,’ or other appropriate words descriptive of the interest in the property so assessed.”
Grumman is not a vendee-in-possession, but the statute does not require that such it be to justify taxation of its interest. Title to the property is in the United States and Grumman is in possession, enjoying full use of the entire property, under a lease giving it an option to purchase at a specified price in the event that the government elects to terminate the lease and dispose of the property as surplus. The agreement between the parties, after declaring that the ‘ ‘ facilities ’ ’ are not required for public use, placed the property in the possession of Grumman for general industrial purposes, including commercial air operations, at a rent of from $250,000 to $2,800,000 a year; it contained provisions (1) permitting Grumman to sublease, (2) requiring Grumman to expend $1,000,000 for the construction of additional buildings, (3) relating to insurance, with explicit specification that the loss, if any, shall be adjusted with Grumman and the proceeds, at the government’s direction, payable to Grumman and (4) granting Grumman the first right to purchase.
We read subdivision 17 of section 4 as it is written, and, when so read, it plainly applies to an occupant such as Grumman, who is in possession of government-owned property under any “ agreement whereby upon certain payment or payments the legal title * * * may acquired by such [occupant].” The statute contains neither language nor intimation that its application is to be limited to a vendee-in-possession or a holder of the equitable title.
We are dealing, it is important to observe, not with a statute levying a tax — which I recognize is to be construed against the government — but with a claim of exemption from taxation, in which case “ it must clearly appear, and the party claiming it must be able to point to some provision of law plainly giving the exemption.” (People ex rel. Savings Bank of New London v. Coleman, 135 N. Y. 231, 234.) That is as it should be, reflecting as it does a matter of high policy. An exemption from taxation relieves one class of persons or property from its obligation to bear its share of the expenses of government and throws a correspondingly higher burden upon *513 all other classes, necessarily creating an inequality of taxation. The courts have, therefore, ‘ ‘ uniformly refused to favor exemptions, and have invariably construed statutes freeing property from the burden of enforced contribution to the expense of maintaining the government most rigidly against the claimant, and have declined to countenance such immunity unless the language of the statute is clear and unambiguous, and unless the purpose of the Legislature to exempt such property indisputably appears.” (Matter of Board of Educ., Jamestown, v. Baker, 241 App. Div. 574, 575-576, affd. 266 N. Y. 636.)
Certainly, it may not be said that it11 indisputably appears ’ ’ that it was the legislative purpose to exempt from all taxation the real property now being occupied and used by Grumman. On the contrary, the language of subdivision 17 bespeaks an unmistakable intent not to exempt it. In point of fact, were we to uphold Grumman’s claim of exemption, we would be placing judicial sanction upon a method of tax avoidance directly opposed to the legislative design so clearly expressed in the statute.
The fact that a lease may be considered personalty, rather than real property, does not in and of itself advance Grumman’s position. Quite obviously, a lease which contains a provision giving the tenant an option to purchase would be an “ interest in real property.” (See, e.g., Gilbert v. Van Kleeck, 284 App. Div. 611, 617, appeal dismissed 308 N .Y. 882; Sinclair Refining Co. v. Clay, 102 F. Supp. 732, 734, affd. 194 F. 2d 532; London & South Western Ry. Co. v. Gomm, 20 Ch. D. 562, 581.) And, beyond this, I would but observe that the legislature, fully empowered to classify property for tax purposes in any manner it deems proper (see, e.g., People ex rel. Hudson Riv. Day Line v. Franck, 257 N. Y. 69; opinion of Dye, J., p. 507), has here provided that ‘ ‘ The classification of such property or any part thereof as real property for the purposes of taxation under this chapter shall not be affected by any provision of the contract or agreement under which the same is held ” (Tax Law, § 4, subd. 17). To me it seems evident that petitioner, in urging that its “ leasehold ” is personalty, has overlooked the statute’s significant provision that the interest of a corporation in property-owned by the United States, of which it has the use, occupation or possession under an agreement whereby it *514 may acquire legal title upon certain payments, “ shall be assessed and taxed as real property ” (Tax Law, § 4, subd. 17).
The assessors of the Town of Biverhead acted within constitutional limits in assessing Grumman’s interest in the property. The Appellate Division was fully warranted in dismissing the petition and, accordingly, its order should be affirmed.
Desmond, Froessel and Van Voorhis, JJ., concur with Dye, J.; Fuld, J., dissents in an opinion in which Conway, Ch. J., and Burke, J., concur.
Order of Appellate Division reversed and that of Special Term reinstated, with costs in this court and in the Appellate Division.